## Case No. 15,175.

### UNITED STATES v. FULLERTON.

[6 Blatchf. 275; [1] 9 Int. Rev. Rec. 3.]

Circuit Court, S. D. New York. Dec. 19, 1868.

CRIMINAL PRACTICE—DIVISION OF OPINION—POSTPONEMENT OF CASE.

1. The practice stated, in regard to certificates of division of opinion, in criminal cases tried in the circuit court, where the court is held by two judges.

2. The probability that difficult and important questions of law will arise on the trial of an indictment in the circuit court, will not ordinarily justify the postponement of the trial, so as to await the holding of the court by two judges, with a view to a certificate of division of opinion.

This was an application on the part of the defendant [William Fullerton] to postpone the trial of the indictment in this case, until such time as the associate justice of the supreme court assigned to the Second circuit, could sit in the circuit court with the district judge who was now holding it, on the ground that difficult and important questions of law would arise on the trial, so that, if a division of opinion should occur between the judges, the point or points could be certified to the supreme court, under the 6th section of the act of April 29, 1802 (2 Stat. 159), that being the only mode of sending questions of law, arising on the trial of a criminal case, to the supreme court for revision.

[2] [On the 19th of December, when the case of the United States against William Fullerton et al. came up before Judge Benedict on a motion to quash the indictment, an order of Judge Nelson staying proceedings in the

---

[1] [Reported by Hon. Samuel Blatchford, district Judge, and here reprinted by permission.]

[2] [From 9 Int. Rev. Rec. 3.]

case until further orders was received. and the case was taken off Judge Benedict's calendar.

[The affidavit upon which Judge Nelson made the order, is as follows:

["The United States v. William Fullerton et al. Southern District of New York—ss: William Fullerton, the defendant above named, being sworn, says that he has fully and fairly stated his case herein to Messrs. Charles O'Conor, D. D. Field, John K. Porter, Clarence A. Seward, G. T. Jenks and John F Burrill, the counsel of this defendant herein, and that after such statement made as aforesaid he is advised by his said counsel in the manner and to the effect herein after stated; that the indictment herein contains nine counts, which have been framed under and with reference to different and distinct statutes of the United States; that several important questions of law and some of great intrinsic difficulty are involved in the construction of the said statutes and of the said indictment, and will necessarily arise in the prosecution of these proceedings; that in view of the facts charged against this defendant, and the circumstances under which the said indictment has been found, it is desirable that it should be in this deponent's power to obtain, should it become necessary, the opinion of the supreme court of the United States thereon; that under the laws of the United States there is no mode of obtaining such opinion except upon a certificate of division, and that no such certificate can be obtained unless the cause shall be tried before one of the associate justices of the supreme court of the United States, sitting as circuit judge; that if the cause be tried before one of the district judges of the United States, there is no authority for such judge to associate with him any other district judge on the trial, and that even if the court were held by two district judges, such court would have no authority to make a certificate of division as before mentioned; that notice of motion has been given herein on behalf of this defendant to quash the indictment, but that if the cause can be tried before a full bench of a circuit court such motion will be withdrawn, and the defendant will seek a trial of the indictment.

[This deponent further says that great publicity has been given to the proceedings against this defendant, and the fact that an indictment has been found has been extensively circulated, and that such publicity and circulation has been brought about by those who instigated the said indictment. And he further says that the charges against this defendant have been much discussed in the newspapers of the city of New York and elsewhere, and that apparently great efforts have been made to create a public opinion in regard thereto unfavorable to this deponent. And he further says that he has reason to believe, and does believe, that those who instigated these proceedings against de-

ponent have been influenced by personal feelings against this defendant on account of certain proceedings with which this deponent. is professionally connected; that in the discharge of what deponent conceived to be his duty, arising out of the professional employment which he had undertaken. charges were made against the district attorney of the United States for the Southern district of New York, and by reason and on account thereof this deponent has incurred the personal ill-will and hostility of said district attorney; and deponent is justified in the belief which he entertains that the district attorney aforesaid is thereby influenced, even if it be unconsciously, to the prejudice of this deponent, and that the litigation in which this deponent has thus been involved has assumed a personal character to a degree in no wise favorable to the due administration of mere justice or public duty. Deponent further says that the result of these proceedings to deponent personally is of the greatest importance; that he has been a counselor at law, and in a close practice in this city and its vicinity for more than twenty years; that during that period, for most of the time, his professional engagements have brought him prominently before the community; that his character or reputation has never heretofore been assailed; that he has secured the confidence of those by whom he has been professionally employed, and, without solicitation on his own part, has been honored by an elevation to a high judicial position, and he feels that it is due to those to whose good will and confidence he is in a good measure indebted for whatever success may have attended his labors. as well as to himself and those whose interests are still more strongly connected with his own, to meet and disprove the charges made against him; he has perfect assurance that he will be able to exculpate himself from every charge which has been made. and he will be ready and willing to meet his accusers and go to a trial at any time whenever such trial may be had before the full bench of the circuit court of this circuit. In view of all the circumstances of the case. he believes it to be important and necessary to public justice and the public interest that the trial of the indictment herein be had before such a court. and so far as he knows or believes, no public interest can be in any wise prejudiced if his request in this regard be granted. William Fullerton.

["Sworn to before me, this 19th day of December, 1868. Joseph Gutman, Jr.. United States Commissioner S. D. of New York."

[On the 28th of December. Judge NELSON filed the following:][2]

NELSON, Circuit Justice. The practice in question has heretofore been confined, with few exceptions, to the trial of capital cases; and, even in those, I do not now recollect

an instance where any division of opinion occurred on the trial, resulting in a certificate of a question to the supreme court. Generally speaking, motions in arrest of judgment, or for a new trial, which are liberally indulged, afford sufficient security against errors or mistakes at the trial. A division of opinion may be certified on a motion in arrest of judgment (U. S. v. Kelly, 11 Wheat. [24 U. S.] 417), though it cannot on a motion for a new trial. But, where there is a difference of opinion on a motion for a new trial, such a direction will be given to the case as will enable the defendant to obtain a certificate of a division under the statute. A new trial will be granted, and the cause will be again submitted to a jury in the presence of the two judges. and the question or questions will be regularly certified. This has occurred in a very few instances in the Northern district of New York, and also in the Southern district of New York, and, indeed, as far as I can remember. in every case where a serious and well-grounded difference existed.

I think that, under these guards and securities against error. on the trial of the current and ordinary offences against the laws, the contingency or possibility of a difference of opinion between the two judges on the trial does not present a case which would justify an interference with the trial of the cause in the usual way. in conformity to the practice in criminal cases.